Dr. Alvin I. THOMAS, Plaintiff-Appellee Cross-Appellant,

v.

Eristus SAMS, Individually and As Mayor of Prairie View, Defendant-Appellant,

**and**

City of Prairie View, Defendant-Cross-Appellee.

No. 82–2359.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1984.

Michael A. Maness, Houston, Tex., for defendant-appellant.

Larry Watts, Laura Oren, Houston, Tex., for Thomas.

John W. Batchan, Jr., Terrance Windham, Houston, Tex., for City of Prairie View.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion May 29, 5th Cir.1984, 734 F.2d 185)

Before RUBIN and RANDALL, Circuit Judges, and MITCHELL *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

The petition of Mayor Eristus Sams for rehearing is denied because the evidence clearly shows that Sams's acts in causing Thomas's arrest were committed "under color of state law" for the purposes of § 1983. Although the City has not petitioned for rehearing of the court's decision, we note that the unlawful arrest was the execution of a decision made by an official to whom the City's lawmakers impliedly had delegated authority to see that the sewer line was completed, including authority to eliminate interference with its completion by means that included arrest of persons who interfered with the project.

The circumstances attending the project, the events surrounding the arrests, and the official relationships among the Prairie View officers involved combine to compel

* District Judge of the Eastern District of Louisiana, sitting by designation.

the conclusion that Thomas's rights were violated pursuant to city policy.

Completion of the sewer line had become urgent because the state health department had notified the City that its lack of sewage treatment facilities constituted a health hazard. The sewer project, which took six years to complete, was therefore of major importance to the small community of Prairie View.

On the Friday night preceding the Thomas episode, the five-member council held a special meeting, at which Mayor Sams reported that the line would be tested by the following Monday. The council members knew the line was being laid on University property. After having been warned by the University that the City was not authorized to lay a line on its property and that the University's maintenance official intended to cut the line, the Mayor had directed the Chief of Police to prevent any interruption to completion of the project and had sent the Chief to University property three times to prevent any interference with the contractor's work.

On the Saturday before the test was to be made, the University cut the unauthorized line. Jack W. Echols, a councilman and the Mayor pro-tem, reported the matter to Mayor Sams. Echols also signed a letter addressed to Mayor Sams, to serve as the basis for the arrest warrant later issued. That letter states, "As a duly elected City Official and appointed Mayor Pro-Tem by the City Council ... I hereby wish to report the following incident...." It then relates details of the cutting of the line by University employees. The letter also states that Echols had "contacted" the Chief of Police and reported the University's activity, and that, after the Chief of Police had arrived at the scene, "I hurriedly left the scene and sped in my car to the Exxon Service Station ... operated by Councilman T.R. Lawson, where an attempt was made to contact the Mayor *to*

*officially report the offense.*" (Emphasis added.) Thereafter, Mayor Sams, who was also Magistrate Sams, the City's judicial officer, presented the affidavit to himself, as Magistrate, and caused the arrest of President Thomas. Before Thomas was arrested, Mayor Sams had caused the arrest and jailing of the vice-president of the University, Decatur Rogers.

Mayor Sams had been put in full control of the sewer-line project by the Council. Moreover, he was not entirely dependent on the Council for policymaking authority. As Mayor, he derived some power to make policy directly from the electorate: He was the "chief executive" of the city, and was required to "be active at all times in causing the laws and ordinances of said city to be duly executed and put in force."[1] In addition to the five Council members and Sams, the City employed only six other individuals including the Chief of Police.

In sum the facts are thus: The line was laid across University property without University consent, but with the City Council's knowledge and at least tacit approval. The warrant was signed, "Eristus Sams, Mayor." The arrest was prompted by a report from a councilman who was Mayor Pro-Tem (with apparent approval of another councilman, T.R. Lawson), to the City's chief executive, who prepared and presented an arrest warrant to himself in his capacity as the city's chief judicial officer and who caused it to be served by the City's chief law enforcement officer.

Viewing the record as a whole, and not a single item of it in isolation, we are left with the definite and firm conviction that the Mayor was "the official to whom the law makers [had] delegated policymaking authority" to decide whether a person who interrupted completion of the line would be arrested. *Bennett v. City of Slidell,* 728 F.2d 762 (5th Cir.1984). As evidenced by the acts of Mayor Pro-Tem Echols, who described the University officials' acts as

1. Tex.Rev.Civ.Stat.Ann., art. 994 (Vernon 1983); cf. *id.,* art. 996 (powers of mayor). *See Bennett v. City of Slidell,* 728 F.2d 762, 766 n. 2 (5th Cir.1984) (en banc) (distinguishing *Familias*

*Unidas v. Briscoe,* 619 F.2d 391 (5th Cir.1980), in which the official received his policymaking authority by virtue of the office to which he was elected).

an "offense," the Council had delegated this authority officially, albeit tacitly. And his decision to have Thomas arrested plainly was executed "under color of state law."

No member of the panel or Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc,[2] the suggestion for Rehearing En Banc is also DENIED.

2.  Federal Rules of Appellate Procedure and Local Rule 35.