INTERNATIONAL BROADCASTING
CORPORATION, a foreign
corporation

v.

The CITY OF BISMARCK, a
municipal corporation.

Civ. No. A1–85–262.

United States District Court,
United States D. North Dakota,
Southwestern Division.

Feb. 19, 1987.

Bickle, Coles and Snyder, P.C., Bismarck N.D., for plaintiff.

Ernest R. Fleck, Bismarck N.D., for defendant.

## MEMORANDUM AND ORDER

CONMY, Chief Judge.

On June 17, 1986, this court entered its Order granting defendant's motion for summary judgment as to plaintiff's first cause of action, and granting plaintiff leave to file an amended complaint.

On June 19, 1986, plaintiff filed its Amended Complaint, alleging that defendant breached a duty to conduct franchise selection process in a fair and impartial manner, and that defendant violated the plaintiff's equal protection and due process rights in violation of section 1983, Title 42, United States Code.

Defendant now moves this court for dismissal of plaintiff's claims. Defendant alleges that plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). This court agrees.

*Immunity*

In the previous Order, this court ruled that the City of Bismarck was immune from civil liability under state law for its legislative acts. Defendant argues that this immunity extends to actions brought pursuant to section 1983, Title 42, United States Code.

In *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 2035, 56 L.Ed. 2d 611 (1978), the United States Supreme Court indicated that municipalities are not entitled to immunity in an action brought pursuant to section 1983. The Court ruled that "[l]ocal governing bodies ... can be sued directly under section 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690–91, 98 S.Ct. at 2035–36. The Court indicated, however, the doctrine of respondeat superior could not be used to impose liability upon a municipality:

> [A] local government may not be sued under section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under section 1983.

*Id.* at 694–95, 98 S.Ct. at 2037–38.

In *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), the Supreme Court reiterated that municipalities have no absolute immunity from liability under the Civil Rights Act, and further ruled that the municipality is not entitled to assert the good faith of its officers in its defense. The Court reasoned:

> Our rejection of a construction of § 1983 that would accord municipalities a qualified immunity for their good-faith constitutional violations is compelled both by the legislative purpose in enacting the statute and by considerations of public policy. The central aim of the Civil Rights Act was to provide protection to those persons wronged by the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." ... By creating an express federal remedy, Congress sought to "enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it."

445 U.S. at 650–51, 100 S.Ct. at 1415. The Court further reasoned:

> Moreover, § 1983 was intended not only to provide compensation to the victims of past abuses, but to serve as a deterrent against future constitutional deprivations, as well.... The knowledge that a municipality will be liable for all of its injurious conduct, whether committed in good faith or not, should create an incentive for officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting citizens' constitutional rights. Furthermore, the threat that damages might be levied against the city may encourage those in a policymaking position to institute internal rules and programs designed to minimize the likelihood of unintentional infringements on constitutional rights....

*Id.* at 651–52, 100 S.Ct. at 1416. *And see Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) (good faith immunity applicable to public officials does not apply to members of City Council acting in official capacity).

Defendant cites several cases in support of its argument that the City is absolutely immune from civil liability in this action. These cases are inapposite, however, since they hold that the *city officials* are immune, but do not deal with the liability of the municipality itself. *See, e.g., Aitchison v. Raffiani,* 708 F.2d 96 (3rd Cir.1983) (members of municipal council acting in legislative capacity are absolutely immune from damages suits under § 1983); *Espanola Way Corp. v. Meyerson,* 690 F.2d 827 (11th Cir.1982) (city commissioners absolutely immune for legislative acts), *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983); *Bruce v. Riddle,* 631 F.2d 272 (4th Cir.1980) (council members, as individuals, have absolute immunity in passing ordinances); *Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607 (8th Cir.1980)

(state and regional legislators have absolute federal common law immunity from liability for damages occasioned by their legislative acts). *But see Reed v. Village of Shorewood,* 704 F.2d 943 (7th Cir.1983) (municipal officers are absolutely immune when acting in legislative capacity; municipality itself is liable when agents act pursuant to established policy or custom); *Kuzinich v. County of Santa Clara,* 689 F.2d 1345 (9th Cir.1982) (members of local legislative bodies have complete immunity from suits based on their legislative acts, but no such immunity protects the county); *Hernandez v. City of Lafayette,* 643 F.2d 1188 (5th Cir.1981) (local legislators, including mayor, are entitled to absolute immunity from suit under § 1983 for conduct in the furtherance of their duties; city itself, however, is not immune), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982). *And see Blackburn v. Snow,* 771 F.2d 556, 571 (1st Cir.1985) (under *Monell,* county is liable because county official charged with responsibility was elected by county's voters to act for them and to exercise the powers created by state law; accordingly, official's policy was county's policy and county must respond in damages for any injuries inflicted pursuant to that policy); *Littlejohn v. Rose,* 768 F.2d 765 (6th Cir. 1985) (qualified immunity defense only protects superintendant in his individual capacity from money damages; despite good faith intentions of the officers through which it acts, a local government entity cannot assert a good faith immunity defense under any circumstances), *cert. denied,* 475 U.S. 1045, 106 S.Ct. 1260, 89 L.Ed.2d 570 (1986); *Wade v. City of Pittsburgh,* 765 F.2d 405, 407–08 (3rd Cir.1985) (statutory governmental immunity is effective against state tort claim, but not against Civil Rights Act—supremacy clause prevents state from immunizing entities or individuals alleged to have violated federal law); *Evers v. Custer County,* 745 F.2d 1196, 1203 (9th Cir.1984) (county is subject to civil liability for acts that clearly implement or execute county policy or a decision official adopted and promulgated by that body's officers); *Thomas v. Sams,* 734 F.2d 185 (5th Cir.1983) (municipality is liable for damages under § 1983 when execution of the government's official policy or custom inflicts the injury), *reh'g denied,* 741 F.2d 783, *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); *Robb v. City of Philadelphia,* 733 F.2d 286, 291 (3rd Cir.1985) (municipality may be held liable under § 1983 where alleged unconstitutional action implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers; *Rollins by Agosta v. Farmer,* 731 F.2d 533 (8th Cir.1984) (since purpose of good faith immunity is to protect officials from personal liability, such immunity is available only to individuals and not to municipalities); *McKay v. Hammock,* 730 F.2d 1367 (10th Cir.1984) (under *Monell,* local governing bodies may be sued directly pursuant to § 1983 when the alleged unconstitutional act implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers).

Plaintiff has not alleged that the decision to grant all three applicants a cable franchise constituted the implementation of official policy. For purposes of the motion to dismiss, however, this court will assume that the decision to grant three franchises was a "decision officially adopted and promulgated" by the city commission. *Monell,* 436 U.S. at 690, 98 S.Ct. at 2035–36. Thus, defendant City is not entitled to absolute immunity, and may be sued civilly under section 1983.

*Substantive Due Process Claim*

■ The fifth and fourteenth amendments to the United States Constitution protect a person's right to not be arbitrarily or capriciously deprived of life, liberty, or property. It is clear that property interests are not created by the constitution, but are created and defined by existing rules or understandings that stem from an independent source such as state law. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (to have property interest, person must have more than abstract need or desire, or unilateral expectation; he must have legitimate claim of entitlement).

Plaintiff asserts that it was unconstitutionally deprived of a protected property interest in an exclusive cable franchise.

As this court previously noted, section 40–05–01(57) of the North Dakota Century Code empowers the governing body of a municipality to grant and regulate franchises, such franchises "not to be exclusive or irrevocable but subject to the regulatory powers of the governing body." N.D.Cent. Code § 40–05–01(57) (Supp.1985).

Plaintiff argues that its property interest in an exclusive franchise was created by the statements of some unknown person which led it to believe that an exclusive franchise would be granted. It appears to this court, however, that state law did not permit an exclusive franchise, and that if an exclusive franchise had been granted, it would probably have been violative of the other applicants' free speech rights under the first amendment to the United States Constitution. *See City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 106 S.Ct. 2034, 2037, 90 L.Ed.2d 480 (1986) (cable television franchising plainly implicates first amendment interests; district court erred in granting dismissal). Mere oral assurances cannot supercede the clear dictates of state law, or of the first amendment. Plaintiff's due process claim must fail. *See also Perkins v. Lukens Steel Co.*, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940) (government contract bidding procedures do not independently create enforceable property rights in bidders); *Gold Cross Ambulance & Transfer v. City of Kansas City*, 705 F.2d 1005 (8th Cir. 1983) (plaintiff's interest in license to run ambulance service was mere expectancy, and did not give rise to property interest); *Sowell's Meats & Servs., Inc. v. McSwain*, 618 F.Supp. 140 (D.S.C.1985), *aff'd* 788 F.2d 226 (4th Cir.1986); *Kasom v. City of Sterling Heights*, 600 F.Supp. 1555 (E.D.Mich. 1985) (no legitimate claim of entitlement in noxious weed cutting contract where city reserved discretion to reject any and all bids if doing so would benefit public interest and plaintiff knew city council might award contract to another bidder), *aff'd* 785 F.2d 308 (6th Cir.1986); *ARA Servs. Inc. v.*

*School Dist. of Philadelphia*, 590 F.Supp. 622 (E.D.Pa.1984).

*Equal Protection Claim*

Plaintiff alleges that defendant unfairly favored Meyer Broadcasting System in the selection process by permitting Meyer to clarify and amend its initially deficient bid proposal.

Consideration of an equal protection claim starts with a determination of whether the conduct operates to the disadvantage of a suspect class or violates a fundamental right protected by the Constitution. *Maher v. Roe*, 432 U.S. 464, 470, 97 S.Ct. 2376, 2380, 53 L.Ed.2d 484 (1977). Where the challenged conduct does not involve a fundamental right or suspect class, the defendant municipality need only demonstrate that the conduct is designed to accomplish a legitimate government purpose, and that a rational relationship exists between the conduct and that purpose. *L & H Sanitation v. Lake City Sanitation*, 769 F.2d 517 (8th Cir.1985) (no equal protection violation where ordinance establishing exclusive franchise for waste disposal was designed to accomplish a legitimate government purpose and there was a rational relationship between the regulation of solid waste and the regulation of solid waste disposal and the purpose to be served (protection of public health and safety)); *Gold Cross Ambulance & Transfer v. City of Kansas City*, 705 F.2d 1005 (8th Cir.1983) (no equal protection violation where city showed that ordinance establishing monopoly protected public health and safety that was endangered by competition between various ambulance companies and where no suspect class or fundamental right involved).

There is no suspect class or fundamental right involved in this case. *See L & H Sanitation*, 769 F.2d 517; *Gold Cross Ambulance & Transfer*, 705 F.2d 1005. This court finds that the city had a legitimate governmental purpose in encouraging active competition between the various cable companies, and that its decision to allow Meyer to amend its bid proposal, and its decision to award a franchise to all three applicants was rationally related to promoting this legitimate purpose. Accordingly,

this court finds that the city did not violate plaintiff's equal protection rights.

Having failed to state a claim upon which relief could be granted, it is the ORDER of this court

THAT DEFENDANT'S MOTION TO DISMISS IS GRANTED. THE CLERK IS DIRECTED TO ENTER JUDGMENT OF DISMISSAL IN THE ABOVE ENTITLED CASE.