United States Court of Appeals
FOR THE EIGHTH CIRCUIT

———————

No. 96-4202

———————

| | |
|---|---|
| Bituminous Materials, Inc., | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| Rice County, Minnesota, | * |
| | * |
| Defendant - Appellee. | * |

———————

Submitted: June 9, 1997
Filed: October 2, 1997

———————

Before LOKEN and ROSS, Circuit Judges, and FENNER,* District Judge.

———————

LOKEN, Circuit Judge.

Bituminous Materials, Incorporated ("BMI"), is a road paving contractor serving Rice County, Minnesota, and surrounding areas. BMI must obtain a temporary equipment placement and operation use permit ("TEPOP") from the Rice County Board of Commissioners before locating a temporary asphalt plant at a gravel pit in Rice County. In September 1994 and March 1995, the Rice County Board placed

———————————

*The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri, sitting by designation.

restrictions on a TEPOP issued to BMI to operate a temporary asphalt plant at Camp's Pit near Northfield, Minnesota. BMI responded by filing this lawsuit, claiming that Rice County's irrational and discriminatory permitting actions violated BMI's rights to substantive due process and equal protection and unduly interfered with interstate commerce. BMI appeals the district court's[1] grant of summary judgment in favor of Rice County. Having reviewed the grant of summary judgment *de novo*, see Bannum, Inc. v. City of St. Charles, 2 F.3d 267, 270 (8th Cir. 1993), we affirm.

**The Substantive Due Process Claim.** To prevail on a substantive due process claim, plaintiff must first establish "a protected property interest to which the Fourteenth Amendment's due process protection applies." Ellis v. City of Yankton, 69 F.3d 915,917 (8th Cir. 1995). A protected property interest, which is a question of state law, is "'a legitimate claim to entitlement' . . . as opposed to a mere subjective expectancy." Batra v. Board of Regents, 79 F.3d 717, 720 (8th Cir. 1996), quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972). A claim to entitlement arises, for these purposes, when a statute or regulation places substantial limits on the government's exercise of its licensing discretion. Thus, the holder of a land use permit has a property interest if a state law or regulation limits the issuing authority's discretion to restrict or revoke the permit by *requiring* that the permit issue upon compliance with terms and conditions prescribed by statute or ordinance. See Littlefield v. City of Afton, 785 F.2d 596, 602 (8th Cir. 1986), which has been overruled on other grounds, see Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104 n.2 (8th Cir. 1992). "[P]rocedures alone [do not] create a substantive property right." Stow v. Cochran, 819 F.2d 864, 866 (8th Cir. 1987).

In this case, § 517.002 of the Rice County ordinances provides that a TEPOP "*may* be granted for the placement and operation of equipment which is incidental to

---

[1]The HONORABLE ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

the construction of public . . . roads where found to be essential to the function intended," (emphasis added). This ordinance does not limit the County Board's discretion to deny or restrict a TEPOP sufficiently to grant BMI a property interest in the Camp's Pit or any other TEPOP. BMI's interest in the permitting process therefore "amounts to nothing more than 'an abstract need or desire,' which is not sufficient to establish a protected property interest," North Mem'l Med. Ctr. v. Gomez, 59 F.3d 735, 740 (8th Cir. 1995). BMI relies upon Northpointe Plaza v. City of Rochester, 465 N.W.2d 686, 689 (Minn. 1991), but that case is inapposite because it involved a conditional use permit. When an applicant for a conditional use permit complies with specified permit requirements, "approval of a permitted use follows as a matter of right." Chanhassen Estates Residents Ass'n v. City of Chanhassen, 342 N.W. 2d 335, 340 (Minn. 1984).

Moreover, even if BMI could prove a constitutionally protected property interest, we agree with the district court that BMI has failed to prove the second element of a substantive due process claim, that the Board's actions were "truly irrational." In Chesterfield, we took a restrictive view of when land use planning decisions by local government agencies violate an aggrieved party's substantive due process rights. Drawing on earlier opinions in Lemke v. Cass County, 846 F.2d 469, 471-73 (8th Cir. 1987) (en banc) (Arnold, J., concurring), and Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir.), cert. denied, 459 U.S. 989 (1982), we held that to sustain such a claim, plaintiff must prove that the government action in question is "something more than . . . arbitrary, capricious, or in violation of state law." 963 F.2d at 1104.

There is good reason for this judicial reluctance to intervene in such disputes. "To allow the loser of each zoning decision, both those who seek a change and those who seek to block changes, to sue in federal court on bald allegations of arbitrariness would significantly burden both federal courts and local zoning decisionmakers." Queen Anne Courts v. City of Lakeville, 726 F. Supp. 733, 738 (D. Minn. 1989), quoting Hope Baptist Church v. City of Bellafonte Neighbors, 655 F. Supp. 1216, 1219

-3-

(E.D. Mo. 1987). Thus, even allegations of bad faith enforcement of an invalid zoning ordinance do not, without more, state a substantive due process claim.

In this case, the Board had rational bases upon which to restrict BMI's permit. The TEPOP ordinance mandates that the County Board "attach conditions to assure that the establishment, maintenance, or conducting of the use for which the permit is sought will not . . . be unreasonably detrimental to the persons residing or working in the area . . . or to the public welfare." At a Rice County Board meeting, numerous residents of the growing community around Camp's Pit expressed concerns about road damage, environmental damage, traffic, safety, and noise. The Board then extended the Camp's Pit TEPOP but limited the gravel BMI could use and the paving projects it could serve from that asphalt plant. These conditions were rationally related to the concerns raised by local residents.

BMI argues that the Board's decisions were motivated by the personal animus of three Commissioners toward BMI's officer in charge of land use permit acquisition, Leland Tollefson. BMI contends that personal animus is a truly irrational basis for decisionmaking that will sustain a substantive due process claim. Relying on a passage in Chesterfield stating that planning disputes do not implicate substantive due process unless "tainted with fundamental procedural irregularity, racial animus, or the like," 963 F.2d at 1104, quoting Creative Environments, 680 F.2d at 833, BMI argues that decisions based on personal animus fall within the phrase "or the like" and therefore violate substantive due process.

In support of its allegations, BMI submitted an affidavit by Tollefson, alleging in relevant part:

22. I believe that many of the Rice County's restrictive permitting decisions relating to BMI have to do with Rice County Commissioners' personal dislike of myself as opposed to legitimate reasons relating to

-4-

BMI's operation. . . . [For example, on one occasion] I expressed to [Rice County Attorney Meredith] Erickson that if blacktopping haul roads is the rule in Rice County, everybody should be required to abide by it. Her response was, "We are the county, we make the rules and we can change them as we choose."

23. Rice County officials have admitted they treated BMI differently. Shortly after . . . a competitor of BMI received its TEPOP in connection with the Interstate 35 project, Rice County Board Chairperson, Stan Pacolt, phoned me and stated, "We have been screwing you over." In addition, at different times over the last two years, Rice County Commissioner, Dan Minnick, has reiterated Mr. Pacolt's comment and he also told me that the County has been treating BMI unfairly.

24. Rice County Commissioner Dan Minnick has informed me that he heard Commissioners Robins and Robert Tuma make comments to the effect that they do not care if BMI ever does business in the county again. Mr. Minnick also informed me that Commissioners Robins, Tuma and Pacolt have a strong dislike of me and that in a meeting, Mr. Tuma referred to me as a SOB.

We conclude that these allegations are far too insubstantial to support a substantive due process claim. We acknowledge that there may be cases where land use decisions are so corrupted by the personal motives of local government officials that due process rights are implicated. Cf. Brady v. Town of Colchester, 863 F.2d 205, 216 (2d Cir. 1988) (punishing a political opponent); Wilkerson v. Johnson, 699 F.2d 325, 328-29 (6th Cir. 1983) (denying barber shop license to protect decisionmaker's competing shop). But it would be inconsistent with the high threshold we established in Chesterfield to hold that a substantive due process claimant will survive summary judgment by alleging that a land use planning decisionmaker does not like the plaintiff.

That sort of inquiry would indeed turn the federal courts into zoning boards of appeal. Therefore, the district court properly dismissed BMI's substantive due process claim.[2]

**The Equal Protection Claim.** BMI next asserts that it has been denied equal protection of the laws because a competitor was contemporaneously issued TEPOPs with fewer restrictions and less rigorous enforcement. An equal protection claim of this type requires proof that the two competitors were similarly situated. See Anderson v. Douglas County, 4 F.3d 574, 577 (8th Cir. 1993), cert. denied, 510 U.S. 1113 (1994). TEPOPs are necessarily site specific, with different asphalt plants and gravel pits potentially raising different public health, welfare, and safety concerns. BMI has produced no evidence that the asphalt plants and gravel pits in question were similarly situated in these respects. Thus, its equal protection claim is without merit.

**The Commerce Clause Claim.** Finally, BMI claims that Rice County impermissibly interfered with interstate commerce by prohibiting use of asphalt from the Camp's Pit plant outside Rice County. Leaving aside BMI's very questionable proof that such an absolute prohibition was imposed, its Commerce Clause theory is without merit. BMI presented no proof that the County's intrastate restriction discriminated against out-of-state businesses or unduly burdened interstate commerce. BMI's contention that it need not prove an actual impact on interstate commerce is preposterously overbroad -- for it suggests that no product or commodity, no matter how dangerous or burdensome to transport, could ever be limited to local distribution -- and totally at odds with our analysis in Ben Oehrleins & Sons & Daughter v. Hennepin

---

[2]BMI argues that it was an abuse of discretion to bar deposition discovery regarding the Rice County Commissioners' motives for the actions in question. We disagree for the reasons stated by the district court: the County provided transcripts of the relevant Board meetings, and BMI's unsupported allegations of personal animus did not warrant burdensome depositions of these government officials. See Stone's Auto Mart, Inc. v. City of Saint Paul, 721 F. Supp. 206, 211 (D. Minn. 1989); cf. D.C.A. Dev. Corp. v. Ogden City Munic. Corp., 965 F.2d 827, 829 (10th Cir. 1992).

County, 115 F.3d 1372, 1385-87 (8th Cir. 1997).  The district court correctly dismissed this Commerce Clause claim.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.