**L.C. DEVELOPMENT COMPANY, INC., Plaintiff,**

v.

**LINCOLN COUNTY, Defendant.**

No. 4:97CV00716 GFG.

United States District Court, E.D. Missouri, Eastern Division.

March 13, 1998.

John Fox Arnold, Kenneth C. Brostron, Carolyn M. Kopsky, Michael W. Roskiewicz, Lashly and Baer, St. Louis, MO for Plaintiff.

Thomas B. Burkemper, Troy, MO, for Defendant.

### MEMORANDUM AND ORDER

GUNN, Senior District Judge.

This matter is before the Court on defendant's motion to dismiss and its motion to strike.

Plaintiff L.C. Development Company brings this five-count complaint alleging that defendant Lincoln County has unlawfully enacted zoning regulations in violation of its Fifth and Fourteenth Amendment rights. It further claims that defendant has violated state law concerning zoning and solid waste regulations.

### I. Relevant Factual Background

The Court views plaintiff's factual allegations as true for the purposes of this motion to dismiss. Plaintiff is a Missouri corporation that has spent more than $149,000 to obtain options on approximately 333 acres of land in Lincoln County. Plaintiff intends to construct, operate and maintain a Class III Solid Waste Sanitary Landfill on that land (the site).

In June 1995, plaintiff applied for a permit for test drilling on the site from the Missouri Department of Natural Resources (MoDNR). In August 1995, MoDNR requested a workplan for the site, which plaintiff submitted in December 1995. In February 1996, MoDNR conditionally approved the site for exploration. Plaintiff has spent more than $179,000 to employ an engineering firm to test the site for suitability as a landfill. Plaintiff expects to spend an additional $500,000 on drilling and engineering costs before it can apply for a permit to operate a landfill on the site.

Defendant is a third class county in the State of Missouri, and is governed by a three-member Commission. In 1989 the commission adopted a zoning ordinance. The commission further adopted regulations for solid waste disposal and for waste processing facilities. The regulations require that the Commission licence all solid waste disposal areas within the county.

In 1990, Lincoln County voters rejected the continuance of county zoning and planning. Elections in 1994 and 1996 achieved the same result. However, the Commission has not repealed the zoning ordinances or the regulations. In June 1996, the Commission notified plaintiff that pursuant to the 1989 regulations, it would not issue a permit for the contemplated landfill unless plaintiff complied with the 1989 regulations. In November 1996, the Commission amended the 1989 regulations to forbid locating any solid waste or special waste landfill within one-quarter of a mile of an occupied dwelling. The site is within one-quarter of a mile of an occupied dwelling.

Plaintiff contends that the acts of the commission are arbitrary and capricious and constitute a violation of its due process rights (Count I) and that the regulation constitutes a taking without just compensation (Count II). It further seeks an order declaring the amended regulation invalid under Missouri law and an injunction against defendant restraining it from enforcing the regulation (Counts III–V).

Defendant moves to dismiss, claiming that: (1) plaintiff's complaint is not ripe; (2) plaintiff has failed to state a claim as to its substantive due process and state law claims; and (3) plaintiff's state law claims are not part of the same case or controversy as its constitutional claims and are therefore outside this Court's jurisdiction.

888

## II. *Discussion*

In ruling on a motion to dismiss for failure to state a claim, the Court must view the allegations in the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of the claims that would entitle it to relief. *Davis v. Hall,* 992 F.2d 151, 152 (8th Cir.1993).

### A. *Ripeness*

Defendant argues that plaintiff's takings claim is not ripe for adjudication.

■ Whether an action brought under the Takings Clause is ripe for review is determined by a two-part test. *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). First, a plaintiff must obtain a final decision from the appropriate regulatory agency. *Id.* Second, the plaintiff must have sought compensation through state inverse condemnation proceedings. *Id.* 473 U.S.at 194–96.

Plaintiff concedes that it has not applied for a permit for its proposed landfill, and that therefore defendant has not made a final decision as required by *Williamson.* It argues, however, that the county has made it clear that it will enforce the regulation as written, and therefore the decision on the permit is foreordained. It further argues that it must spend $500,000 before it can place itself in a position to apply for the permit.

■ The Court need not address the finality issue for plaintiff's taking claim is not ripe for review because it has not sought compensation from the state by way of an action for inverse condemnation. Missouri law provides for inverse condemnation actions to redress takings allegedly effected by zoning ordinances. *Harris v. Missouri Conservation Comm'n,* 790 F.2d 678, 681 (8th Cir. 1986). Accordingly, the Court finds that the inverse condemnation remedy should be available to plaintiff if it can satisfy the state courts that a taking has occurred. Until Missouri courts have denied plaintiff its "right to assert such a claim or denied them damages in such an action," plaintiff's action is not ripe for decision by a federal court. *Littlefield v. City of Afton,* 785 F.2d 596, 609 (8th Cir.1986) (citing *Williamson,* 473 U.S. at 194–96).

### B. *Due Process Claim*

■ Plaintiff's complaint alleges that the County lacks the authority to enact the regulations at issue and that therefore any application of the regulations violates due process. Defendant argues that plaintiff has failed to state a claim for relief in its petition. A facial substantive due process challenge requires a showing that the regulation is arbitrary, capricious and not rationally related to a legitimate public purpose. *WMX Technologies, Inc. v. Gasconade County, Mo.,* 105 F.3d 1195 (8th Cir.1997)(citing *Pennell v. City of San Jose,* 485 U.S. 1, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988)). In the context of a zoning or land use dispute with local government, the plaintiff "must allege something more than that the government decision was arbitrary, capricious or in violation of state law." *Chesterfield Dev. Corp. v. City of Chesterfield,* 963 F.2d 1102 (8th Cir.1992). Allowing less would turn "every violation of state law into a federal constitutional tort." *Id.* Instead, the plaintiff must allege that the challenged action is "truly irrational." *WMX,* 105 F.3d at 1200.

■ Plaintiff argues that the truly irrational standard employed in *WMX* does not apply here because the challenged zoning regulation there was found to be validly enacted. In contrast, plaintiff argues, the truly irrational standard is not applicable where, as here, the challenged regulation is invalid under state law. The Court disagrees. The plaintiff in *WMX* contended that the zoning regulation at issue was substantially inconsistent with Missouri's solid waste disposal law, and therefore invalid. *WMX,* 105 F.3d at 1200. In dismissing plaintiff's claim, the Eighth Circuit held "[a] violation of state law remains only a violation of state law and does not amount to the kind of 'truly irrational'

governmental action which gives rise to a substantive due process claim." *Id.* (quoting *Chesterfield,* 963 F.2d at 1105). Here, plaintiff's claim is based on its assertion that defendant enacted a statute without complying with state law and that therefore the statute is unconstitutional on its face. Such claims are best left to state courts and administrative bodies. *WMX,* 105 F.3d at 1200. Plaintiff's substantive due process claim is dismissed.

Because the Court will dismiss plaintiff's federal claims, it declines to exercise jurisdiction over its state law claims. 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (Doc. No. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant's motion to strike (Doc. No. 8) is **DENIED** as moot.