# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1892

_____

| | | |
|---|---|---|
| John Young, | * | |
| | * | |
| Plaintiff/Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri |
| | * | |
| City of St. Charles, Missouri, | * | |
| David King, individually and in his | * | |
| official capacity as former Chief of | * | |
| Police of the City of St. Charles, MO; | * | |
| Michael Miller, individually and in his | * | |
| official capacity as City Administrator | * | |
| of the City of St. Charles, MO; | * | |
| Fred Wahl, individually and in his | * | |
| official capacity as a Member of the | * | |
| Personnel Board of the City of St. | * | |
| Charles, MO; Harold Webbink, | * | |
| individually and in his official capacity | * | |
| as a Member of the Personnel Board of | * | |
| the City of St. Charles, MO; William | * | |
| Hurst, individually and in his official | * | |
| capacity as a Member of the Personnel | * | |
| Board of the City of St. Charles, MO; | * | |
| Gilbert Lauer, individually and in his | * | |
| official capacity as a Member of the | * | |
| Personnel Board of the City of St. | * | |
| Charles, MO; Michelle Sheehan, | * | |
| individually and in her official capacity | * | |
| as a Member of the Personnel Board of | * | |
| the City of St. Charles, MO; Dale | * | |
| Hawkins, individually and in his | * | |

official capacity as a Member of the      *
Personnel Board of the City of St.      *
Charles, MO,      *
     *
         Defendants/Appellees.      *

_____

Submitted:  January 12, 2001
Filed:  March 23, 2001 (CORRECTED 5/1/01)

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and DOTY[1], District Judge

_____

DOTY, District Judge

John Young, a police officer with the City of St. Charles, Missouri, was terminated from his position for submitting altered documents.  He brought a civil rights action against the city and certain defendants who had upheld his dismissal  alleging that he had been denied procedural and substantive due process.  The district court[2] granted the defendants' motion to dismiss, concluding that Young received all the process he was due and that the process was not truly "irrational" so as to support a substantive due process claim.  On appeal, Young argues that the district court applied the wrong standard in dismissing this action and erred in concluding that he did not state a claim for violation of due process.  For the reasons stated, we affirm.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable E. Richard Webber, United States District Judge  for the Eastern District of Missouri.

## I.

John Young brought an action pursuant to 42 U.S.C. § 1983 against the City of St. Charles, Missouri, the city's former chief of police, the former city administrator, and five members of the city's personnel board as a result of his termination as a police officer with the city's police department. Young had been employed for approximately 17 years as a police officer before being terminated.

Young alleges that the police department allowed its officers to work secondary jobs so long as they completed the department's request form for designated outside employment. On or about September 8, 1989, the City of St. Charles Police Department distributed to its officers a memorandum instructing them to update their requests for outside employment. In response to this memorandum Young claims that he filled out a number of forms for a variety of outside employers, some for whom he was already working and some for whom he anticipated working. Young further claims that, on or about June 12, 1996, he and two other officers were investigated for working outside employment without having submitted request forms.

Young alleges that, while the investigation of the two other officers was quickly closed, Chief King ordered an intensive disciplinary investigation of him on the ground that he failed to have a form on file for outside employment. Young further contends that soon thereafter, at a pre-disciplinary meeting, he was ordered to produce any copies of the employment request forms in his possession. On or about July 29, 1996, Young attended a second pre-disciplinary meeting where he produced his copies of 25 forms including the ones relevant to his dismissal. After reviewing these documents, the department's second in command, Captain Jack Banas, accused Young of submitting forgeries. Young denies that these were forgeries and alleges that Banas kept his "originals" and handed him copies of the documents. On or about August 1, 1996, the police department dismissed Young from employment upon a finding that some or all of the forms that he submitted were altered. A report of a handwriting expert was cited in part as the basis for the department's decision to dismiss Young.

Following his termination, Young appealed to defendant Michael Miller, the city administrator, who upheld the dismissal. Young then appealed to the city personnel board which consisted of defendants Fred Wahl, Harold Webbink, William Hurst, Gilbert Lauer, Michelle Sheehan, and Dale Hawkins. Young alleges that the board denied his request to take certain depositions and that the police department failed to follow basic "chain of custody" safeguards in the storing of his original forms and in the conveying of the forms to and from the handwriting expert. Young also alleges that the handwriting expert was not qualified under the standards set forth in *Daubert v. Merrell Dow*, 509 U.S. 579 (1993). Lastly, Young asserts that the copies of the forms relied upon as the basis for his dismissal at the hearing were not the same forms he had given the department. At the conclusion of the appeal hearing, the personnel board voted to uphold Young's termination.

Young alleges that his procedural and substantive due process rights were violated by these actions. On March 11, 1999, plaintiff filed a petition for judicial review under Mo. Rev. Stat. § 536.100 in the Circuit Court of Cole County, Missouri. The petition sought judicial review of the personnel board's decision. On May 14, 1999, Young filed this present action in district court on substantially the same grounds as the state court petition. Young voluntarily dismissed the state court action without prejudice on August 23, 1999.

Upon defendants' motion to dismiss and for summary judgment, the district court dismissed all of Young's claims against all defendants. The district court specifically found that plaintiff's claims under the Missouri constitution must be dismissed since no private cause of action exists under the state constitution.[3] The district court also held that Young's procedural due process allegation failed to state a claim because plaintiff's complaint specifically indicates that he had notice in the form of two pre-deprivation hearings, had pursued and participated in two administrative appeals subsequent to his termination and had thereafter pursued a

---

[3] This issue is not on appeal, and therefore will not be discussed.

separate appeal in the state court of Missouri which he later voluntarily dismissed without prejudice. Based upon plaintiff's complaint, the district court determined that Young received all of the due process to which he was entitled. After analyzing the substantive due process claim, the district court similarly dismissed it for failing to state a claim since any alleged evidentiary and procedural errors as pleaded involved no more than possible violations of state law and city personnel policies and did not rise to the level of "truly irrational" governmental action necessary to support a substantive due process action.

Our review upon appeal leads us to the same result as that reached by the district court. The facts as pleaded reflect that Young had adequate notice and opportunity to be heard on both a pre-termination and post-termination basis, therefore his complaint fails to state a claim for a denial of procedural due process under the Fourteenth Amendment. Although Young's allegations that the evidentiary rulings and procedures employed by the defendants, if true as pleaded in his complaint, may appear arbitrary, capricious or even contrary to Missouri law and city personnel rules, they are insufficient to establish conduct that is "truly irrational" or "shocking to the conscience" necessary to state a claim for a denial of substantive due process under the Fourteenth Amendment. Furthermore, as the district court concluded, the individual defendants here are entitled to either absolute quasi-judicial immunity or qualified immunity from Young's claims for damages.

## II.

This court reviews a district court's order granting a motion to dismiss de novo. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998); *Hafley v. Lommen*, 90 F.3d 264, 266 (8th Cir. 1996). When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Hafley*, 90 F.3d at 266. A complaint shall not be dismissed for its

failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Nietzke v. Williams*, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Educ. Ass'n*, 133 F.3d at 651. After a de novo review, we conclude that the district court applied the proper standard in making its decision to grant defendants' motion to dismiss.

III.

Officer Young seeks relief under 42 U.S.C. § 1983 for due process violations. The district court determined that the allegations as pleaded in the complaint indicated that Young had received all the process he was due and that none of his allegations led to the conclusion that his termination was "irrational."

The due process clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty or property, without due process of law ..." U.S. Const. amed. XIV, § 1. This clause has two components, procedural due process, and substantive due process. *Id.* Analysis of either must begin with an examination of the interest allegedly violated. *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445-46 (8th Cir. 1995). Here, the parties have conceded that Young had a protected property interest.

## A.    Procedural Due Process

A state employee is entitled to a hearing or some related form of due process before being deprived of a constitutionally protected property interest. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Johnson v. Rogers*, 621 F.2d 300, 305 (8th Cir. 1980) (noting that due process procedures are required to protect

terminated public employees).  A public employee with a protected property interest in continued employment receives sufficient due process if he receives notice, an opportunity to respond to the charges before his termination, and post-termination administrative review.  *See Graning v. Sherburne County*, 172 F.3d 611, 616 (8th Cir. 1999); *Flath v. Garrison Pub. Sch. Dist.*, 82 F.3d 244, 247 (8th Cir. 1996).  The pre-termination process need not be elaborate, especially if there are meaningful post-deprivation procedures.  *Graning,* 172 F.3d at 616 (citing *Loudermill*, 470 U.S. at 542-547).  A public employee is also entitled to notice and a "name clearing" hearing when fired under circumstances imposing a stigma on his professional reputation.  *See Johnson*, 621 F.2d at 305.

The facts as alleged in plaintiff's complaint adequately supports the district court's conclusion that Young received all the process that he was due since he was given notice of the reason for his dismissal, an opportunity to respond to the charges, and after his termination, he availed himself of departmental grievance procedures.  He received two post-termination appeals: first, to the city administrator and second, to the city personnel board.  Young also received a post-termination hearing with the personnel board.[4]  Clearly, Young had a meaningful opportunity to challenge his discharge, and although he was unsuccessful, his procedural due process rights were adequately protected by the process.  *See Loudermill*, 470 U.S. at 542-47.  Young's complaint thus fails to state a claim for denial of procedural due process under the Fourteenth Amendment.

**B.    Substantive Due Process**

Young also alleges that his substantive due process rights were violated.  To state a substantive due process claim, Young must allege that a government action was

---

[4] When the personnel board upheld his discharge, Young petitioned for and was given judicial review in Missouri state court pursuant to Mo. Rev. Stat. § 536.100. Young voluntarily and without prejudice dismissed his petition for judicial review in state court.

"sufficiently outrageous" or "truly irrational, that is, something more than ... arbitrary, capricious, or in violation of state law." *Anderson v. Douglas County,* 4 F.3d 574, 577 (8th Cir. 1993); *Riley v. St. Louis County*, 153 F.3d 627, 631 (8th Cir. 1998) (upholding 12(b)(6) dismissal where plaintiff failed to allege governmental action that was "sufficiently outrageous" to sustain claim of substantive due process violation). *See also Graning*, 172 F.3d at 617 ('[t]o establish a substantive due process claim, [plaintiff] must show that the government action was 'truly irrational,'..."). An alternative way to bring a substantive due process claim is to assert that the government's actions "either shock the conscience" or "offend judicial notions of fairness or human dignity." *Riley*, 153 F.3d at 631. *See Brown v. Nix*, 33 F.3d 951, 953 (8th Cir. 1994) (holding that concept of substantive due process prohibits government from engaging in conduct that "shocks the conscience" or interferes with rights implicit in the concept of ordered liberty). In such a case, the plaintiff must ultimately allege that the government action complained of is "sufficiently outrageous" or "'truly irrational,' that is, 'something more than ... arbitrary, capricious, or in violation of state law.'" *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc) (discussing that plaintiff must allege government actions sufficiently irrational or outrageous to sustain claim of substantive due process violation) (citations omitted); *Riley*, 153 F.3d at 631 (upholding 12(b)(6) dismissal where plaintiff failed to allege governmental action "sufficiently outrageous" to sustain claim for substantive due process violation).

The facts as alleged in the complaint do not support the conclusion that the decision to terminate him was "truly irrational" or "sufficiently outrageous" to sustain a due process claim. Furthermore, and in light of the alleged facts, there is no support for the conclusion that the decision to terminate Young "shocks the conscience." Young's complaint as pleaded fails to state a claim for denial of substantive due process under the Fourteenth Amendment. Thus, we conclude that the district court did not err in granting defendants' motion to dismiss Young's alleged substantive due process claims.

For the reasons stated, we affirm the decision of the district court to grant defendants' motion to dismiss all claims.

A true copy.

    ATTEST:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.