2002 SD 32

### TRI COUNTY LANDFILL ASSOCIATION, INC, Plaintiff and Appellant,

v.

### BRULE COUNTY, Defendant and Appellee.

**No. 22012, 22019.**

Supreme Court of South Dakota.

Argued Jan. 10, 2002.

Decided March 6, 2002.

Rehearing Denied April 16, 2002.

Robert R. Schaub of Larson, Sundall, Larson, Schaub and Fox, Chamberlain, for plaintiff and appellant.

Sheila S. Woodward, Steven M. Johnson, A. Russell Janklow of Johnson, Heidepriem, Miner, Marlow & Janklow, Yankton & Sioux Falls, for defendant and appellee.

GILBERTSON, Chief Justice.

[¶ 1.] Brule County (County) sold Tri County Landfill Association, Inc. (Landfill), 40 acres of land to develop a regional solid waste facility. Landfill received tentative approval from the Department of Environment and Natural Resources (DENR), but the Board of Minerals and Environment (BME) denied the permit pending a resolution by County re-approving the landfill. County refused and Landfill sued for damages under 42 USC § 1983. Landfill now appeals the trial court's granting of summary judgment upon a determination that, while County's denial of the permit was arbitrary and capricious, it was not "truly irrational" and was therefore insufficient to sustain a substantive due process claim. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] Landfill was formed in 1992 as a non-profit corporation to develop, construct, and maintain a regional solid waste facility in Brule County, South Dakota. Landfill members are county and municipal governmental bodies exercising joint power agreements, and Landfill's voting delegates are officials of the member counties and cities. County became a member of Landfill in 1992 and subsequently sold forty acres to Landfill for development of the solid waste facility. On April 27, 1993, County's zoning board granted Landfill a special exception necessary to construct

the solid waste facility on the property. Landfill then filed a permit application with DENR, which was tentatively approved on July 29, 1993.

[¶ 3.] On August 26, 1993, Clifford Lantz (Lantz), an adjoining landowner and resident of County, filed a contested case petition and a request for a hearing.[1] The hearing was held on January 19, 1994, and BME announced its conclusion a month later. BME determined that Landfill had complied with South Dakota's regulations, but it had failed to obtain County's approval within six months prior to BME's approval, as required by SDCL 34A–6–103.[2] Therefore, issuance of Landfill's permit was postponed pending re-approval by County.

[¶ 4.] A change in the County Commission's membership resulted in a denial of Landfill's request. Landfill was unable to garner the majority vote necessary to gain approval. Landfill appealed this denial to the circuit court, which determined County's actions to be "arbitrary and capricious." On appeal to this Court in *Tri County I*,[3] we affirmed the circuit court's decision and ordered County to reissue the permit approval to Landfill. The facility eventually opened on November 4, 1996.

[¶ 5.] On June 20, 1994, Landfill sued County under 42 USC § 1983 for a violation of substantive due process. County moved to dismiss and, in the alternative, moved for summary judgment. Landfill moved for partial summary judgment on the issue of liability. The trial court granted Landfill's motion and the trial went forward on the issue of damages.

Landfill was awarded $628,428.03 in damages, prejudgment interest, attorney's fees and costs.

[¶ 6.] On appeal to this Court in *Tri County II*,[4] we reversed the trial court's determination that County's "arbitrary and capricious" violation of state law automatically amounted to a violation of substantive due process. We remanded the action for a factual determination of whether County's conduct was "truly irrational" in order to sustain Landfill's § 1983 claim and whether Landfill had a protected property interest in the approved permit.

[¶ 7.] On remand, the trial court determined that County was exercising a discretionary function under SDCL 34A–6–103, which eliminated any protected property interest. The court also determined that, in drawing all inferences in favor of Landfill, County's conduct was not truly irrational because there was sufficient evidence to indicate "a conceivable rational relationship between the denial of the permit and a legitimate governmental interest." Finally, the court denied County's application for costs under SDCL 15–17–37.

[¶ 8.] Landfill now appeals, asking that the trial court's summary judgment in favor of County be reversed and instead, granted in favor of Landfill. In oral argument, Landfill conceded that no genuine issue of material fact remained and that the only remaining issues were legal conclusions to be drawn from uncontested facts. Therefore, Landfill raises the following issues:

1. Prior to the hearing, County withdrew its membership in Landfill.

2. SDCL 34A–6–103 has since been amended to require county approval within twenty-four months of BME's approval, rather than six months. *See* 1996 S.D. Sess.L. ch. 220 § 1.

3. *Tri County Landfill Ass'n, Inc. v. Brule County*, 535 N.W.2d 760 (S.D.1995).

4. *Tri County Landfill Ass'n, Inc. v. Brule County*, 2000 SD 148, 619 N.W.2d 663.

1. Whether Landfill possesses a protected property interest in the approved permit.
2. Whether County's conduct, in denying re-approval of the solid waste facility, was "truly irrational" and in violation of substantive due process.

County, through notice of review, presents only one issue for appeal:

1. Whether the trial court abused its discretion in denying County's claim for costs and disbursements in the amount of $14,771.26.

## STANDARD OF REVIEW

[¶ 9.] Our standard of review for summary judgment is well settled.

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

*Holzer v. Dakota Speedway, Inc.*, 2000 SD 65, ¶ 8, 610 N.W.2d 787, 792 (quoting SDCL 15–6–56(c)) (additional citations omitted). As neither party now argues that questions of fact remain, a prevailing party must show the facts entitle it to summary judgment as a matter of law.

## ANALYSIS AND DECISION

[¶ 10.] Landfill seeks relief under 42 USC § 1983 for due process violations. "The due process clause of the Fourteenth Amendment prohibits state governments from depriving 'any person of life, liberty or property, without due process of the law . . . .'" *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir.2001) (quoting USConst amend XIV, § 1). This protection may be split into its two counterparts, procedural due process and substantive due process. *Id.* A violation of substan-

tive due process occurs when "certain types of governmental acts [violate] the Due Process Clause regardless of the procedures used to implement them." *Tri County II*, 2000 SD 148 at ¶ 14, 619 N.W.2d at 668 (citations omitted). Landfill alleges that County's refusal to re-approve the placement of the solid waste facility in County, while Landfill remained in compliance with the appropriate state regulations, was a violation of Landfill's right to substantive due process.

[¶ 11.] In order to maintain a cause of action under 42 USC § 1983, the plaintiff must show: (1) that the defendant acted under color of state law; and (2) that the defendant deprived the plaintiff of a constitutionally protected property right or interest. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548, 561 (1972); *Bituminous Materials, Inc. v. Rice County, Minn.*, 126 F.3d 1068, 1070 (8th Cir. 1997); *Tri County II*, 2000 SD 148 at ¶ 10, 619 N.W.2d at 667 (citations omitted). In the context of a zoning or land-use dispute, the plaintiff must go one step further to show that the "government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law.'" *Young*, 244 F.3d at 628 (quoting *Anderson v. Douglas County*, 4 F.3d 574, 577 (8th Cir.1993)) (additional citations omitted). Because the parties do not dispute that County acted under color of state law, our focus is upon determining the presence or absence of a protected property interest and truly irrational conduct, given the uncontested facts.

[¶ 12.] **1. Whether Landfill possesses a protected property interest in the approved permit.**

[¶ 13.] Analysis of a substantive due process claim "must begin with an

examination of the interest allegedly violated." *Young*, 244 F.3d at 627 (citing *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 444–46 (8th Cir.1995)). *See also SDDS, Inc. v. State of SD*, 994 F.2d 486, 491 (8th Cir.1993) (recognizing determination of plaintiff's protected property rights is threshold issue). In *Tri County II*, this Court stated that, in order to demonstrate it held a protected property interest, Landfill must show that County did not have the discretion to deny its permission, despite Landfill's failure to meet the six-month deadline requirement. 2000 SD 148 at ¶ 29, 619 N.W.2d at 674. In other words, Landfill must demonstrate that it had a clear entitlement to the permit. *Id.*

[¶ 14.] Landfill claims that so long as it remained in compliance with South Dakota regulations, County could not withhold its approval. Yet, Landfill overlooks one regulation that it was not in compliance with—the deadline provision of SDCL 34A–6–103. Projects inevitably change over time, as was evidenced by the record in this case. The Legislature intentionally built in this deadline requirement to ensure that the project presented to BME not only remained in compliance with South Dakota safety and health standards, but that it also remained consistent with the concept originally approved by the county.

[¶ 15.] County relies on SDCL 34A–6–103 to establish its discretion to deny re-approval of the project and thereby negate any protected property interest in the permit. SDCL 34A–6–103 provides:

> Any application to the Board of Minerals and Environment for a permit for a facility for the transportation, storage or disposal of solid waste or medical waste pursuant to this chapter shall include a resolution by the governing body of the county in which the facility is to be located approving the proposed facility.
>
> *Approval by the county within no more than six months before the issuance of the permit by the Board of Minerals and Environment shall be considered as a condition for the issuance of the permit.*

(emphasis added). The plain language of the statute clearly indicates that any prior approval lapses after the passage of six months. Accordingly, the applicant would be expected to again seek county approval before receiving the permit from BME.

[¶ 16.] It follows then, that because County had the discretion to approve or disapprove the project under SDCL 34A–6–103, even after prior approval had been given, Landfill had no clear entitlement to, or protected property interest in the permit. "The fact that the permit could have been denied on non-arbitrary grounds defeats the federal due process claim." *RRI Realty v. Inc. Village of Southampton*, 870 F.2d 911, 918 (2nd Cir.1989). *See also Bituminous Materials*, 126 F.3d at 1070 (stating "holder of a land use permit has a property interest if a state law or regulation limits the issuing authority's discretion to restrict or revoke the permit by *requiring* that the permit issue upon compliance with terms and conditions prescribed by statute or ordinance.") (emphasis in original); *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375 (2nd Cir.1995) (stating "a constitutionally protected property interest exists only when 'the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured.'"). While County's denial of the permit may have been legally unjustified (i.e., arbitrary and capricious), that is not the standard. The question is whether County had the discretion at all, and not whether that discretion was arbitrarily exercised. Upon remand, Landfill failed to

demonstrate such a limitation on County's power that approval was guaranteed.[5]

[¶ 17.] Landfill also asserts that because County had previously approved the permit, any discretion provided in SDCL 34A–6–103 was eliminated and County should be bound by the previous commission's decision. But, "prior approval from the current County's predecessor does not bind the County to automatically approve Landfill's proposal." *Tri County II*, 2000 SD 148 at ¶ 28, 619 N.W.2d at 674. Landfill does not dispute that the composition of the County Commission was legally changed through the political process. A different decision hardly seems unreasonable or unexpected, given the significant public opposition raised and the inherently political nature of the permitting process.

[¶ 18.] **2. Whether County's conduct, in denying re-approval of the solid waste facility, was "truly irrational" and in violation of substantive due process.**

[¶ 19.] In *Tri County II*, this Court held that County's denial of re-approval, though arbitrary and capricious, was not automatically a violation of substantive due process. 2000 SD 148 at ¶ 43, 619 N.W.2d at 676. In order to sustain a substantive due process claim based upon a zoning or land-use dispute, the challenger must show that the agency's conduct was "truly irrational." *Id.* Thus, even if Landfill could establish a protected property interest in the permit, Landfill is still required to show that County's denial of re-approval was truly irrational.

[¶ 20.] While "truly irrational" conduct has not been defined by this Court, the

Eighth Circuit has addressed the issue at length. For example, in *Chesterfield Development Corporation v. City of Chesterfield*, the court described an example of truly irrational conduct as "attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet." 963 F.2d 1102, 1103–04 (8th Cir.1992) (denying substantive due process claim of developer who claimed he was deprived of property by city's enforcement of invalid zoning law). In *Lemke v. Cass County, Nebraska*, one judge described truly irrational conduct as "a zoning board's decision made by flipping a coin." 846 F.2d 469, 472 (8th Cir. 1987) (Arnold, J., concurring) (holding denial of rezoning application for solid waste facility, after county commissioners had previously approved the project, was not truly irrational). The court has also stated what is *not* truly irrational conduct. In *WMX Technologies, Inc. v. Gasconade County, Missouri*, the court held that passing a solid waste management ordinance in violation of state law, without legitimate scientific evidence and in response solely to public opposition, was not truly irrational. 105 F.3d 1195 (8th Cir. 1997). *See also L.C. Dev. Co., Inc. v. Lincoln County*, 996 F.Supp. 886 (E.D.Mo. 1998) (holding landfill regulation passed in violation of state law not truly irrational); *Crooked Lake Dev., Inc. v. Emmet County*, 763 F.Supp. 1398 (W.D.Mich.1991) (holding bad faith rezoning in violation of state law is not truly irrational).

[¶ 21.] As found by the trial court, the commissioners have consistently testified to their reasons for denying re-approval:

---

5. Landfill raised the issue of whether SDCL 34A–6–103 is unconstitutional in *Tri County II*, 2000 SD 148 at ¶ 8, 619 N.W.2d at 666. Landfill alleged that the statute is unconstitutional in that it affords too much discretion to

County in approving or denying permits because it contains no specific guidelines. We considered this issue in *Tri County II* and found it to be without merit. *Id.* at ¶ 38.

The [c]ommissioners testified that they were concerned about whether out[-]of[-]state garbage would be allowed at the landfill; that a majority of the commissioners wanted a compost facility [instead of a solid waste facility]; that some of the new commissioners objected to [the] location of the landfill and the size of the "pile." Additionally, [the][c]ommissioners testified from the very first [that] they were concerned about the loss of "local control" and the fact that the size of the project changed from time to time—seemingly growing bigger as time went on.

These reasons may be irrelevant in determining whether County's conduct was arbitrary and capricious. But they are, nonetheless, legitimate concerns and not truly irrational.

[¶ 22.] Landfill also contends that it has a substantive due process claim because of the ill will and personal bias of the commissioners toward Landfill. Yet, the obvious evidentiary proof problems aside, ill will and personal bias alone are not enough to rise to the level of a substantive due process claim. *Bituminous Materials*, 126 F.3d at 1071.

[I]t would be inconsistent with the high threshold we established in *Chesterfield* to hold that a substantive due process claimant will survive summary judgment by alleging that a land use planning decisionmaker does not like the plaintiff. That sort of inquiry would indeed turn the federal courts into zoning boards of appeal.

*Id.*

[¶ 23.] While we recognize that "there may be cases where land-use decisions are 'so corrupted by the personal motives of local government officials that due process rights are implicated,'" this is not such a case. *Iowa Coal Mining Co., Inc. v. Monroe County, Iowa*, 257 F.3d 846, 853 (quot-

ing *Bituminous Materials*, 126 F.3d at 1071). For example, in *Wilkerson v. Johnson*, the decisionmaker denied the plaintiff's barbershop license solely for the purpose of protecting himself against competition, thus undermining the credibility of the governing process. 699 F.2d 325, 328–29 (6th Cir.1983). Herein, the trial court concluded:

After two trials and numerous depositions and hearings, it remains impossible to determine how and why ill will developed between the commissioners and Mr. McManus, [the manager of Landfill.] It is impossible to determine who is primarily at fault. It is impossible to determine the depth of this ill will or its impact on the County's May 3, 1994 decision. Thus, as in *Bituminous Materials, Inc. v. Rice County*, 126 F.3d 1068, 1071 (8th Cir.1997), I conclude that this allegation is far too insubstantial to support a substantive due process claim.

Landfill has not presented sufficient evidence of the sort of "corruption by personal motives" necessary to support a substantive due process claim.

[¶ 24.] Landfill further alleges that County's decision was merely a reaction to the opposition of over 400 private citizens, which arose after Landfill's application to BME. In *Lemke*, the petitioners alleged that the county zoning board's refusal to change the zoning ordinance to allow for solid waste disposal, in light of the county commission's previous approval, was a violation of substantive due process because the decision was based on public opposition. 846 F.2d at 470. Judge Arnold responded:

Such a claim is easily made in every zoning case, and is the stuff of which state administrative law is made. The state courts are open to hear, and do hear, such claims routinely. I see no reason to read the Due Process Clause

as a constitutionalized Administrative Procedure Act setting up the federal courts as a forum for the review of every run-of-the-mill land-use dispute. In the present case, plaintiffs' theory is that their application was denied "mostly because the citizens [of Cass County] were offended by the transporting of Omaha, Douglas County, garbage into [a] Cass County landfill . . . ." That sort of xenophobic, anti-big-city motivation could, I am sure, often be credibly charged as to land-use decisions. It may amount to arbitrary or capricious decision making for purposes of state administrative law. * * * But it is far from irrational.

*Id.* at 472 (internal citation omitted). We recognize that County arbitrarily exercised its governmental power, but we cannot say that the action was baseless. A response by elected officials to political pressure and public opposition by its electorate is not truly irrational conduct.

[¶ 25.] **3. Whether the trial court abused its discretion in denying County's claim for costs and disbursements in the amount of $14,771.26.**

■■■ [¶ 26.] County applied to the circuit court for costs and disbursements under SDCL 15–17–37, which provides:

The prevailing party in a civil action or special proceeding *may recover expenditures necessarily incurred in gathering and procuring evidence or bringing the matter to trial.* Such expenditures include costs of telephonic hearings, costs of telephoto or fax charges, fees of witnesses, interpreters, translators, officers, printers, service of process, filing, expenses from telephone calls, copying, costs of original and copies of transcripts and reporter's attendance fees, court appointed experts and other similar expenses and charges. These expen-

ditures are termed "disbursements" and are taxed pursuant to § 15–6–54(d).

(emphasis added). The award of such disbursements is made at the discretion of the court. *Ridley v. Lawrence County Comm'n*, 2000 SD 143, ¶ 12, 619 N.W.2d 254, 259; *Michlitsch v. Meyer*, 1999 SD 69, ¶ 15, 594 N.W.2d 731, 733 (citing SDCL 15–17–52, SDCL 15–17–53). Thus, we review the court's denial of these costs under the abuse of discretion standard. *Zahn v. Musick*, 2000 SD 26, ¶ 50, 605 N.W.2d 823, 833 (citing *High Plains Genetics Research, Inc. v. JK Mill–Iron Ranch*, 535 N.W.2d 839, 846 (S.D.1995)).

■■■ [¶ 27.] The circuit court denied County's application for two reasons. First, approximately one third of County's application was attempting to recover costs of the litigation in *Tri County I,* a case in which it did not prevail and was not entitled to reimbursement. 535 N.W.2d at 765. Second, County was not the innocent party in this case, in that its arbitrary and capricious denial of the permit was the cause of the entire lawsuit. *Id.* We find the court's reasoning to be soundly supported by the record. *See Michlitsch*, 1999 SD 69 at ¶ 12, 594 N.W.2d at 734 (denying costs to non-innocent party was not an abuse of discretion). "We cannot say that the trial court's denial was clearly against reason and evidence or that a judicial mind, in view of the law and circumstances, could not have reasonably reached the same conclusion." *Id.* Therefore, the denial of costs and disbursements in this case was not an abuse of discretion.

[¶ 28.] We affirm.

[¶ 29.] AMUNDSON and KONENKAMP, Justices, and, GORS, Acting Justice, concur.

[¶ 30.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 31.] One might have no real problem with this decision IF the judge held a trial, listened to the evidence, determined credibility of the witnesses, considered the arguments and briefs of counsel, and impartially decided the case on the facts. But, for the judge to jump the gun and decide this case on summary judgment without a trial is simply dead wrong.

[¶ 32.] The summary judgment decision of the judge without a trial violates our remand instructions, which were, as stated in the majority opinion at ¶ 6:

> We remanded the action for a factual determination of whether County's conduct was "truly irrational" in order to sustain Landfill's § 1983 claim and whether Landfill had a protected property interest in the approved permit.

It seems incredible that the judge jumped the gun *legally* in *Tri County II* and jumped the gun again *factually* in *Tri County III*. We should send it back until it is done right both factually and legally.

[¶ 33.] As stated in my writing in *Tri County II*, 2000 SD 148 at ¶¶ 44–46, 619 N.W.2d at 676 (Sabers, J., concurring specially in part and dissenting in part):

> The facts underlying our holding in *Tri County I* must rise to the level of the "truly irrational" standard and not merely an arbitrary and capricious action to create liability for the County in a § 1983 claim. Yet that does not mean our determination in *Tri County I* that the actions of the County were arbitrary and capricious negates the possibility of such a showing. In fact, they substantially support it.
>
> A County is bound by the actions of its duly elected commissioners. *See*

McQuillin, Municipal Corporations § 26.81.20 (3d ed. 1995) (discussing the validity of subsequent actions by commissioners). Therefore, a subsequent reversal of a prior decision by *newly elected* commissioners is clearly wrong, "arbitrary and capricious." These facts under *Chesterfield* go a long way to "give rise to a violation of rights secured by the Constitution," even if it does not do so "automatically." *See Chesterfield,* 963 F.2d at 1104. Therefore, even if not "automatically" "truly irrational" and subject to summary judgment by the court, it is prima facie evidence for the trial court in this case.

Therefore, to show that a protected property interest exists, it is only necessary for Tri County Landfill to show "a lack of discretion on the part [of Brule County to deny the issuance of the permit]." *See Villager Pond, Inc.,* 56 F.3d at 379. The majority's statement that "[p]rior decisions from an elected official's successor in no way binds the elected official currently occupying the elected position" is wrong. While it is beyond dispute that incoming officials can change "policies, procedures, and even key personnel of their predecessors ... and implement their own policies" they cannot ignore a constitutionally protected property interest if it is found to exist. On remand, this is part and parcel of the factual questions to be determined by the court.

[¶ 34.] How in the world can the judge determine whether the actions of Brule County (and especially those of the newly elected commissioners) were "truly irrational" without making determinations of credibility, motive and intent? [6]

---

**6.** Finally, Landfill's concession on oral argument that no genuine issues of material fact remained and that the only remaining issues were legal conclusions to be drawn from uncontested facts is clearly wrong because of issues of credibility, motive and intent.

[¶ 35.] We should reverse and remand for a fair trial.