**HOGAR CLUB PARAISO, INC.,**
**et al., Plaintiffs,**

v.

**Angie VARELA LLAVONA,**
**et al., Defendants.**

**Civil No. 99–1486(JAG).**

United States District Court,
D. Puerto Rico.

July 26, 2002.

Edgardo L. Rivera–Rivera, Ramon L. Walker–Merino, San Juan, PR, Luis F. Abreu–Elias, Guaynabo, PR, for plaintiff.

Carlos J. Morales–Bauza, San Juan, PR, Jorge Carazo–Quetglas, Toledo Toledo & Carazo–Quetglas, Hato Rey, PR, Jose A. Diaz–Espinosa, Otero & Lopez, LLP, San Juan, PR, Candida R. Negron–Ramos, Economic Development Bank, Francisco L. Acevedo–Nogueras, Acevedo & Acevedo

law Offices, San Juan, PR, Salvador J. Antonetti–Stutts, Ivonne Palerm–Cruz, Commonwealth Dept. of Justice, San Juan, PR, Juan C. Garay–Massey, Carolina, PR, Marilena Roman–Gandulla, San Juan, PR, Carlos E. Lopez–Lopez, Llevet–Zurinaga & Lopez, P.S.C., San Juan, PR, Hector F. Oliveras–Delgado, San Juan, PR, Ignacio Rivera–Cordero, San Juan, PR, for Puerto Rico—Legal Affairs, Hato Rey, PR, Jose R. Cintron–Rodriguez, Grisselle Gonzalez–Negron, Faccio & Pabon Roca, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Hogar Club Paraiso, Inc. (hereinafter "Hogar"), a non-profit organization that operates an elderly home in Barceloneta, Puerto Rico; its owners, Luis Monrozeau–Martínez and Carmen Rosa Diaz; and several of the home's elderly residents (collectively "plaintiffs"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against several officers of the Commonwealth of Puerto Rico's Family Department on May 7, 1999. (Complaint, Docket No. 1.) In their complaint, plaintiffs allege that the defendants violated their due process rights under the Fourteenth Amendment by summarily revoking their license to operate the nursing home on August 7, 1998.

On June 21, 2002, the Court issued an order directing the plaintiffs to show cause why the Court should not dismiss the case *sua sponte*[1] for failure to establish a cognizable claim under 42 U.S.C. § 1983. (Docket No. 200.) Plaintiffs filed a motion on July 2, 2002, in compliance with this Court's order to show cause. (Docket No. 203.) In that motion, plaintiffs argue that the Court's opinion and order limits the

analysis of the revocation of the Hogar's license to a procedural due process context, and ignores the substantive due process violations contained in the complaint. After a careful review of the plaintiffs's argument, this Court finds that plaintiffs have failed to state a cognizable claim under section 1983 for violations of their constitutional rights under the due process clause.

"Due process claims may take either of two forms: 'procedural due process' or 'substantive due process.'" *Pittsley v. Warish*, 927 F.2d 3, 6 (1st Cir.1991)(citing *Hall v. Tawney*, 621 F.2d 607, 610–13 (4th Cir.1980)). The Court's opinion and order of June 21, 2002 (Docket No. 200), explains why the complaint fails to state a cognizable procedural due process claim under § 1983. Plaintiffs now attempt "to tint [their] procedural due process claim with a substantive [due process] gloss." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 1000 n. 8 (1st Cir. 1992).

"The history of the substantive due process doctrine indicates that it is to be applied with 'caution and restraint.'" *Santiago de Castro v. Morales Medina*, 943 F.2d 129, 130 (1st Cir.1991)(citing *Moore v. East Cleveland*, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977)). "A viable substantive due process claim requires proof that the state action was '*in and of itself* . . . egregiously unacceptable, outrageous, or conscience-shocking.'" *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir.1994)(citing *Amsden v. Moran*, 904 F.2d 748, 754 (1st Cir.1990))(emphasis in original).

"The Supreme Court has enunciated two alternative tests by which substantive due

---

1. Several co-defendants filed motions for summary judgment which were denied on procedural grounds. (Docket No. 181.) In addition, several co-defendants filed a belated

motion to dismiss on June 20, 2002 (Docket No. 199), containing several of the arguments addressed in the Court's order to show cause. (Docket No. 200.)

process is examined. Under the first theory, it is not required that the plaintiffs prove a violation of a specific liberty or property interest; however, the state's conduct must be such that 'it shocks the conscience.'" *Pittsley v. Warish*, 927 F.2d at 6 (citing *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952)); see also *Davis v. Rennie*, 264 F.3d 86, 98–99 (1st Cir.2001); *Barrington Cove Limited Partnership v. Rhode Island Housing and Mortgage Finance Corp.*, 246 F.3d 1, 7 (1st Cir.2001)(discussing the "shocks the conscience" standard).

■ Plaintiffs now contend that the defendants engaged in conscience-shocking behavior when they revoked the Hogar's license to operate and proceeded to relocate its residents to other facilities. The threshold for alleging a substantive due process violation for "conscience shocking behavior" is high as evidenced by the caselaw. *See Brown v. Hot Sexy and Safer Prods., Inc.*, 68 F.3d 525, 531–32 (1st Cir. 1995). The Court has read and re-read the complaint and has found that the alleged facts [2], taken as true, do not constitute conscience shocking behavior.

Plaintiffs seem to argue that their substantive due process claim stems from an alleged "ill will" and /or personal bias on the part of the Family Department's personnel towards the Hogar and its owners.

In fact, one of the few cases plaintiffs cite in their brief deals with the corrupt decision of government officials to deny a barbershop license for personal reasons. *See e.g., Wilkerson v. Johnson*, 699 F.2d 325, 328–29 (6th Cir.1983). Unlike *Wilkerson*, the facts in this case do not support a finding that there was an unscrupulous motivation behind the Family Department officials's decision to revoke the license.[3] The plaintiffs "ha[ve] not presented sufficient evidence of the sort of 'corruption by personal motives' necessary to support a substantive due process claim." *Tri County Landfill Association, Inc. v. Brule County*, 641 N.W.2d 147, 154 (S.D.2002).

Under the second theory of substantive due process, plaintiffs must establish that the actions of the Family Department's officials violated a specific constitutional guarantee or liberty interest protected by the substantive due process clause. *Pittsley v. Warish*, 927 F.2d at 7. First, it should be noted that nowhere in the complaint do the plaintiffs specify the constitutional guarantee or liberty interest allegedly violated by the defendants. Plaintiffs now argue that co-plaintiffs Monrozeau and Diaz had a recognized liberty interest in their reputation, and that the officials at the Family Department conspired to destroy their reputation.[4]

2. The general and unsubstantiated allegations contained in the complaint that the elderly residents were removed by force from the Hogar in the presence of media coverage do not rise to the level of "conscience shocking behavior." Plaintiffs' rhetoric is not sufficient to sustain a civil rights claim under § 1983 at the summary judgment stage. (*See* Docket No. 200, where the Court forewarned plaintiff of its intention to grant summary judgment *sua sponte* in favor of the defendants.)

3. There is no evidence in the record to support the contention that the action of the Family Department's officials was tainted by

corrupt motives. In fact, plaintiffs rely solely on the state court decision ruling that the Family Department did not follow its internal procedures when it revoked the license to support their argument that there were illicit motives behind the officials' decision to revoke the license. The Court has already ruled that the findings made in the state court injunctive proceeding do not have preclusive effect in this action. (Docket No. 198).

4. The complaint lacks any allegation of conspiracy on the part of the co-defendants. In addition, the complaint's sole reference to co-plaintiffs' reputation is contained in paragraph 4.4, relating to damages.

 "Fourteenth Amendment 'liberties' include 'the right of the individual . . . to engage in any of the common occupations of life. . . .' Reputational injury may be relevant to an alleged deprivation of a liberty interest to the extent that the resulting stigma prevents a plaintiff from successfully gaining other employment opportunities." *Temple v. Inhabitants of the City of Belfast,* 30 F.Supp.2d 60, 66 (D.Maine 1998)(citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 572–73, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Damage to reputation alone, however, "does not constitute a violation of a substantive due process right." *Watterson v. Page,* 987 F.2d 1, 7 n. 4 (1st Cir.1993)(citing *Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). Plaintiffs have failed to cite a case, and the Court has found none, in which there has been a substantive due process violation of the liberty interest in reputation where plaintiffs, as here, are not employed by a state.[5] In addition, all the cases dealing with constitutionally protected liberty interest of reputation are analyzed under the rubric of procedural due process.[6] *See e.g., Puchalski v. School District of Springfield,* 161 F.Supp.2d 395, 406 (E.D.Pa.2001); *Austin v. Neal,* 933 F.Supp. 444, 455–56 (E.D.Pa.1996).

In their response to the Court's order to show cause, plaintiffs also argue that the Court failed to address the claims of co-plaintiffs Digna Reyes[7] and Rosario Pérez Sierra.[8] First, the complaint cites the Charter of Rights for the Elderly Persons, 8 L.P.R.A. 341, as the basis of co-plaintiffs's constitutional right. Assuming, *arguendo,* that these plaintiffs have standing to bring suit, their rights are grounded in state law and thus can only be analyzed under the rubric of procedural due process and not substantive due process. *See e.g., Santiago v. Morales Medina,* 943 F.2d at 131.

Plaintiffs have failed to assert a cognizable claim under section 1983 for violations of their substantive due process. In addition, as discussed in this Court's previous opinion and order, plaintiffs have failed to show evidence that procedural due process was not observed in this case. On the contrary, the record shows that all the process due to plaintiffs was, and still is being accorded by the state court proceedings.

## CONCLUSION

In view of the aforementioned, the Court hereby **GRANTS** summary judgment *sua sponte* in favor all co-defendants. Judgment will be entered accordingly.

IT IS SO ORDERED.

---

5. Plaintiffs Monrozeau and Diaz were not employees of the Commonwealth, but rather held a state issued license to operate an elderly home. A license which could be revoked by the Family Department.

6. This Court has analyzed at length the issue of procedural due process and the fact that plaintiffs have been afforded all the process that is due to them by means of the state court proceeding still pending. (Docket No. 200.)

7. Plaintiff Digna Reyes is the legal representative of Rafael Reyes Negrón, one of the Hogar residents who was relocated as a result of the Family Department's decision to revoke the Hogar's license.

8. Pérez Sierra was also a resident of the Hogar at the time of the events giving rise to the complaint.