KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring:
Although I concur in the judgment in this case, I believe the majority erroneously recognizes a constitutionally protected property interest where there is none. In doing so, the majority chooses not to embrace firmly, as I would, the substantial authority that employs the claim to entitlement approach, see, e.g., Bituminous Materials v. Rice County, 126 F.3d 1068, 1070 (8th Cir.1997); Gardner v. Baltimore, 969 F.2d 63, 68 (4th Cir.1992); RRI Realty Corp. v. Village of Southampton, 870 F.2d 911, 917 (2d Cir.1989); Maj. Op. at 206-207, as the proper analytical method to determine if a constitutionally protected property interest exists in the land-use context.
The majority instead simply recognizes that two (at least) approaches exist to answer the question, concluding that under either GW has the requisite property interest. Maj. Op. at 207. But under the “majority” approach of the Second, Fourth, Eighth, Tenth and Eleventh Circuits, a landowner has a protected property interest in a favorable land-use decision only if a “statute or regulation places substantial limits on the government’s exercise of its [land-use] discretion,” Bituminous Materials, 126 F.3d at 1070.[1] Those *213 courts follow the U.S. Supreme Court’s guidance found in Bd. of Regents v. Roth, 408 U.S. 564, 569-70, 576-77, 92 S.Ct. 2701, 2705, 2708-09, 38 L.Ed.2d 548 (1972) (“To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.”). At the same time, their approach uses a standard that properly “balances the need for local autonomy in a matter of paramount local concern with recognition of constitutional protection at the very outer margins of municipal behavior.” Gardner, 969 F.2d at 69.
Using this approach, I would not recognize a constitutionally protected property interest in GW’s expectation of a “special exception.” Indeed, I find it impossible to conclude the zoning regulations under which the BZA “ordinarily must,” Stewart v. D.C. Bd. of Zoning Adjustment, 305 A.2d 516, 518 (D.C.1973), approve a special exception for a campus plan only if it determines that the proposed plan is “not likely to become objectionable to neighboring property” substantially limit the exercise of its discretion. D.C. Mun. Regs. tit. 11, § 210.2 (emphasis added); see D.C. Mun. Regs. tit. 11, § 210.1.
The majority finds sufficient constraint on the BZA’s authority in the regulation’s command that university use “‘shall be permitted as a special exception’ if the criteria for the exception are met.” Maj. Op. at 208 (quoting D.C. Mun. Regs. tit. 11, § 210.1). But the crucial criterion upon which the BZA’s decision depends is whether the proposed use is “objectionable,” Maj. Op. at 208 — a criterion that requires the BZA to use its judgment in considering numerous factors. D.C. Mun. Regs. tit. 11, § 210.2 (“Use as a college or university shall be located so that it is not likely to become objectionable to neighboring property because of noise, traffic, number of students, or other objectionable conditions.”). Heeding advice to hesitate before intervening in local land disputes,[2]1 find only a minimal limitation on the Board’s discretion that is far from a case where “the discretion of the issuing agency is so narrowly circumscribed that approval of a proper application is virtually assured,” RRI Realty, 870 F.2d at 918; Gardner, 969 F.2d at 68. In fact, the zoning authority has been given “wide discretion” in making its decisions; hence, no constitutionally protected property interest in the special exception exists. Jacobs, Visconsi & Jacobs Co. v. City of Lawrence, 927 F.2d 1111, 1116 & n. 3 (10th Cir.1991) (where zoning authority’s decision must be “reasonable” and reasonable decision under state law should consider factors such as “zoning and uses of properties nearby,” “suitability of the subject property for the uses to which it has been restricted” and “extent to which' removal of the restrictions will detrimentally affect nearby property,” authority had sufficient discretion to checkmate property interest). It is because GW does not possess a constitutionally protected property interest that I would reverse the district court to the extent it found otherwise.
*214 For the foregoing reasons, I concur in the judgment reversing the district court and I otherwise fully concur in the majority opinion.

. As the majority points out, the circuits vary in deciding how "severely official discretion must be constrained” in order to establish a property interest. Maj. Op. at 207. Even *213 using the Eighth Circuit's approach, the one favored by the majority, id., I would not conclude that GW has a constitutionally protected property interest.

. Gardner, 969 F.2d at 67-68 (“[Fjederal courts should be extremely reluctant to upset the delicate political balance at play in local land-use disputes.”). See also Village of Belle Terre v. Boraas, 416 U.S. 1, 13, 94 S.Ct. 1536, 1543, 39 L.Ed.2d 797 (1974) (Marshall, J., dissenting); DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 605 (3d Cir.1995) (McKelvie, J., dissenting); Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir.1992).