# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3007

_____

| | | |
|---|---|---|
| Franklin A. Davis, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Little Rock School District; Les | * | Eastern District of Arkansas. |
| Carnine, Individually and in his official | * | |
| capacity as Superintendent of Schools; | * | [UNPUBLISHED] |
| Little Rock School Board, Individually | * | |
| and in their official capacity as board | * | |
| members, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 20, 2002
Filed: April 5, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Franklin A. Davis, formerly a school principal in the Little Rock School District (LRSD), brought this employment action under 42 U.S.C. § 1983 and Arkansas law. Davis asserted federal constitutional and state-law claims arising out of the treatment he received after allegedly complaining of sexual harassment by a female supervisor, and out of his later termination on sexual harassment charges

leveled against him by other complainants. The District Court[1] granted summary judgment for defendants as to Davis's federal claims, and Davis appeals. Having carefully reviewed the record, see Flath v. Garrison Pub. Sch. Dist. No. 51, 82 F.3d 244, 246 (8th Cir. 1996) (standard of review), we affirm.

Davis's procedural due process claim against LRSD Superintendent Les Carnine fails. We first note that even if the termination of his salary and benefits before arbitration violated whatever rights Davis retained under the Arkansas Teacher Fair Dismissal Act, Davis cannot base a due process claim on a violation of this state law (and the District Court dismissed without prejudice his state-law claims after declining to exercise jurisdiction over them). See Holloway v. Reeves, 277 F.3d 1035, 1038 (8th Cir. 2002) (explaining that § 1983 suit can only remedy violations of federal rights, so any violations of rights guaranteed by local or state laws are irrelevant to such a claim). We also agree with the District Court that the pre-termination and post-termination process Davis received was constitutionally sufficient. See Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001) (stating that public employee receives sufficient due process if he receives notice and opportunity to respond to charges before termination, and post-termination administrative review); Flath, 82 F.3d at 247 (explaining that due process generally requires something less than a formal pre-termination adversarial hearing, as purpose is to ensure reasonable grounds exist to demonstrate truth of charges against employee and support proposed action; thus, even informal meetings with supervisors have been held sufficient).

Davis's equal protection and First Amendment retaliation claims are equally unavailing. Davis presented no evidence of a policy or custom of retaliating against employees who complain of constitutional violations or of treating employees

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

differently based on gender. See Artis v. Francis Howell N. Band Booster Ass'n, 161 F.3d 1178, 1181 (8th Cir. 1998) (explaining that for school district itself to be liable, injured employee must prove district had official policy or widespread custom that violated law and caused injury). As to Superintendent Carnine individually, Davis did not establish that Carnine knew at the relevant time of Davis's earlier sexual harassment complaint against his female supervisor; the female supervisor was not similarly situated to Davis; and Davis's contention was that his supervisor, not Carnine, instigated the investigation leading to his termination. See Williams v. Saint Luke's - Shawnee Mission Health Sys., Inc., 276 F.3d 1057, 1060 (8th Cir. 2002) (concluding that other employees were not similarly situated to the discharged employee in all relevant respects where their alleged offenses were not of comparable seriousness and fewer accusations were made against them); Tlamka v. Serrell, 244 F.3d 628, 635 (8th Cir. 2001) (stating that a supervisor is subject to § 1983 liability only if he directly participates in constitutional violation or if his failure to train or supervise offending employee caused violation of constitutional rights).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.