IN RE:  Fred D. DAVIS, Circuit Court Judge,
Judicial District 11 West

04–700                                                   189 S.W.3d 444

Supreme Court of Arkansas
Opinion delivered July 13, 2004

*Gibson Law Firm*, by: *Charles Sidney Gibson*, for appellant.

*James A. Badami*, for the Judicial Discipline and Disability Commission.

PER CURIAM. The Judicial Discipline and Disability Commission petitions this court to temporarily suspend Judge Fred D. Davis, with pay, while waiting for the outcome of any disciplinary determination resulting from three criminal charges filed against the Judge. Judge Davis was arrested in Garland County on Thursday, June 10, 2004, at 9:00 p.m., for (1) driving while intoxi-

cated, (2) failure to register vehicle, and (3) unlawful use of dealer tag. Judge Davis is out on bond while these charges are pending in court.

Judge Davis admits to having an expired dealership tag and being aware the tag had expired; however, he denies the arresting officer's allegation that he used the unlawful tag to avoid paying the sales tax on the vehicle. He further admits he was given a "Breathalyzer" test and was informed the result was .09, not .098, as the officer alleged. Judge Davis makes no mention of the officer's allegation that two field tests were administered that read .13 and .12, respectively, but he denies his eyes were bloodshot, or his speech was "mumbled." He claims the officer's report as to the smell of intoxicants is merely the result of the officer's "subjective opinion."[1]

Judge Davis affirmatively asserts the commission's *ex parte* meeting of June 23, 2004, denied him due process, which has damaged the Judge's reputation, and is a premature commencement of this proceeding. The Judge also submits that video evidence exists which confirms his speech was not mumbled at the time of his arrest. He further recites that "leading members" of the Jefferson County Bar opine Davis's pending charges do not adversely affect the Judge's ongoing judicial duties. Judge Davis further states the commission's recommendation of interim suspension with pay is not supported by reasonable cause. Finally, the Judge contends the interim suspension recommendation is not consistent with the commission's precedents in similar cases.

Judge Davis's due-process argument is without merit because he fails to show a deprivation of a constitutionally-protected interest. As the commission states, at this point, the commission has not "deprived" him of anything. *See, Young v. City of St. Charles, Missouri,* 244 F.3d 623 (8th Cir. 2001); *Paul v. Davis,* 424 U.S. 693 (1976). In different words, because Judge Davis can only be suspended with pay, he suffers no due-process deprivation. Specifically, in support of its position, the commission relies on Ark. Jud. Disc. & Disab. Comm'n R. 10, which reads as follows:

Interim sanctions.

A.  Suspension with Pay. In instances of the (1) filing of an indictment or information charging a judge with a felony under

---

[1] Judge Davis also alleged the commission's executive director knowingly omitted references to Judge Davis's subsequent blood alcohol test which read .07.

*state or federal law, or (2) the filing of a misdemeanor charge against a judge or justice where his ability to perform the duties of his office is adversely affected, the Commission shall convene within ten (10) days for the purpose of considering a recommendation to the Supreme Court that the judge or justice be temporarily suspended with pay pending the outcome of any disciplinary determination.*

B. Effect on Commission Action. A temporary suspension with pay as an interim sanction shall not preclude action by the Commission with respect to the conduct that was the basis for the felony or misdemeanor charge, nor shall the disposition of the charge in any manner preclude such action. (Emphasis added.)

As provided under Rule A, when a judge or justice is charged with a felony or misdemeanor charge and his ability to perform the duties of his office is adversely affected, the commission shall convene within ten (10) days for the purpose of considering a recommendation to the supreme court that the judge or justice be temporarily suspended with pay, pending the outcome of any disciplinary determination. Here, the commission conducted a telephone conference with eight members participating. These members were told the prosecuting attorney and leading members of the local bar did not believe the criminal charges pending against Judge Davis would adversely affect his temporarily serving as judge. By a unanimous vote, commission members voted for a temporary suspension.

Obviously, the commission disagrees with Judge Davis's reliance on the "leading members" who have offered their opinions that Judge Davis, as a sitting judge, could continue his judicial duties while defending himself against criminal misdemeanor charges. At least two of the charges center on whether Judge Davis made misrepresentations as to why he was driving his vehicle without a proper registration and why he was using an unlawful dealer tag. It has been suggested that perhaps Judge Davis should be allowed to continue his judicial duties in civil, but not criminal cases.

Again, the commission made no such recommendation, and reasonably so. While Judge Davis complains the commission's action is premature, and its petition and allegations have damaged his reputation, he readily admits to driving his vehicle with an expired dealership tag, to taking a "Breathalyzer" test, and being

informed his test registered .09. Clearly, Judge Davis and others will likely be called as witnesses in future proceedings, and their credibility will be an issue. At this stage, Judge Davis is presumed innocent of the criminal charges. Even so, judges must avoid impropriety and the appearance of impropriety in all of the judges' activities. *See* Canons 1, 2, and 3 of the Arkansas Code of Judicial Conduct; *see also* Ark. Const. amend. 66.

■ As for the suggestion that Judge Davis could continue to handle civil cases, but not criminal, we believe little is to be gained by implementing such an idea. Certainly attorneys as well as parties may find themselves at times in both types of cases, rendering conflicts of interest as real possibilities. Besides, even if we limited the Judges's judicial service to only civil cases, this court would still be required to assign a new judge to handle all criminal cases.

■ In conclusion, we point out Judge Davis's claim that the commission's recommendation is inconsistent with previous commission actions. He cites three cases: *In Re Lee Munson*, Case No. 90-136; *In Re Lee Munson*, Case No. 99-204; and *In Re Van B. Taylor*, Case No. 90-163. None of the three cases is controlling here.

The *In Re Lee Munson*, Case No. 90-136, did not involve criminal charges filed against the judge. In *In Re Lee Munson*, Case No. 99-204, the commission decided the filing of a petition to temporarily suspend the judge was unnecessary because the judge voluntarily recused from all DWI cases. In the third case, *In Re Van B. Taylor*, No. 90-163, the commission determined that the misdemeanor charge did not adversely affect Judge Taylor's ability to perform the duties of his office because no recommendation for suspension was made to the supreme court. Simply put, these cases cited by Judge Davis are not controlling here.

■ Based on the above, we would grant a temporary suspension with pay, but in doing so, we would direct Judge Davis's matters be expedited and all issues be decided at the earliest possible time.

THORNTON, J., dissents.

DICKEY, C.J., and HANNAH, J., not participating.

RAY THORNTON, Justice, dissenting. I find myself unable to join the majority in suspending Judge Fred D. Davis

from all of his duties as a Circuit Court Judge in the Eleventh Judicial District and respectfully dissent from the blanket suspension. As stated by the majority Judge Davis was arrested in Garland County and cited for three misdemeanors: a) driving while intoxicated, b) failure to register vehicle, and c) unlawful use of dealer tags. The Arkansas Judicial Discipline and Disability Commission ("Commission") filed a petition seeking an order of this court temporarily suspending Judge Davis with pay from performing the duties of his office pending the outcome of any disciplinary determination by the Commission.

No felony charges have been brought by the prosecuting attorney, and no determination of the guilt or innocence of Judge Davis as to the misdemeanor charges has been made. No formal hearing has been conducted by the Commission and Judge Davis was not permitted to participate in the closed meeting of June 23, 2004, at which the Commission approved the filing of this petition in this court, contending that the existence of these charges adversely affects the ability of Judge Davis to perform the duties of his office, and seeking his temporary suspension with pay.

The issue presented by this case is whether misdemeanor charges filed against a judge should require that the judge be suspended with pay from *consideration of all cases pending before him*. I believe that the majority's decision is too broad and submit that the filing of misdemeanor charges should not disqualify a judge from hearing unrelated civil cases that do not involve criminal sanctions when the judge has not been convicted of any misdemeanor or charged with any felony. The Commission approved this principle in *In Re Van B. Taylor*, Case No. 90-163, where the matter involved a chancellor who was charged with driving while intoxicated and related matters. The Commission determined that the misdemeanor charges against Chancellor Taylor did not adversely affect his ability to perform the duties of his office in light of the fact that he did not sit on criminal cases.

Our precedents support the principle that to ensure public confidence in the integrity and fairness of the judiciary, a judge should recuse himself from consideration of criminal cases while criminal charges against that judge are pending. *See In Re Lee Munson*, Case No. 99-204. If a sitting judge fails to recuse himself from participation in criminal cases during the pendency of criminal charges against that judge, I believe we should use our superintending power over the judicial branch to suspend the judge from trying or considering criminal cases that might other-

wise be assigned to him. This court should prohibit the judge from acting on criminal cases while criminal charges against him remain unresolved.

Pursuant to this broad precedent of today's majority, I am concerned that this court is inviting the filing of frivolous charges in order to remove a judge from considering unrelated cases. There is no need to overreact. Our order should be appropriate to the offense and for these reasons I respectfully dissent.