440 F.Supp.2d 1065 (2006)
Dama L. JAYCOX et al., Plaintiffs,
v.
GC SERVICES LIMITED PARTNERSHIP  DELAWARE, et al., Defendants.
No. 4:06CV481CDP.
United States District Court, E.D. Missouri, Eastern Division.
July 26, 2006.
Mitchell B. Stoddard, Consumer Law Advocates, St. Louis, MO, for Plaintiffs.
Ashley L. Narsutis, Hinshaw and Culbertson, St. Louis, MO, Kevin J. Kasper, Kasper Law Firm, LLC, St. Charles, MO, for Defendants.

MEMORANDUM AND ORDER
PERRY, District Judge.
Plaintiffs brought this suit seeking damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising out of inquiries into their credit history without their permission. Defendant GC Services Limited Partnership  Delaware has moved to dismiss the claims of willful and negligent noncompliance brought against it. GC Services argues that dismissal is proper because plaintiffs can not bring an action against it under the FCRA based on a theory of apparent authority. I find that this issue is inappropriate for resolution on a motion to dismiss. Therefore, I will deny defendant's motion.
I. Background
According to the complaint, plaintiffs Dama Jaycox and Naser Al-Masalmeh were boyfriend and girlfriend when defendant Tanya Christmann, an employee of defendant GC Services, obtained copies of their credit reports without their permission and in violation of the FCRA. Christmann allegedly ran the credit inquiries on behalf of her boyfriend, Robert Brian Jaycox, the ex-husband of plaintiff Dama Jaycox. Plaintiffs allege that Christmann obtained the credit reports during the regular course of her employment with GC Services and therefore they bring suit against both Christmann and GC Services for willful and negligent noncompliance with the FCRA.
II. Legal Standards
A defendant may move to dismiss a claim "for failure to state a claim upon *1066 which relief can be granted" under Rule 12(b)(6), Fed.R.Civ.P. The purpose a motion to dismiss under Rule 12(b) t,; is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir.2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
III. Discussion
The Fair Credit Reporting Act was enacted in 1968 to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). The Act delineates the permissible purposes for which a consumer report may be used or obtained, 15 U.S.C. § 1681b, and provides for liability to consumers when the Act is violated. Under the Consumer Credit Reporting Reform Act of 1996, the FCRA imposes civil liability for "[a]ny person" who "willfully fails to comply" or "is negligent in failing to comply" with any requirement imposed under the FCRA. 15 U.S.C. §§ 1681n-1681o. The FCRA defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).
Plaintiffs Jaycox and Al-Masalmeh allege that defendant Christmann willfully and negligently failed to comply with 15 U.S.C. § 1681b, and that her liability under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o can be imputed to GC Services based on Christmann's apparent authority.
Courts are split on whether a plaintiff can bring suit under the FCRA against an employer for the actions of its employee based on a theory of apparent authority. Compare Jones v. Federated Financial Reserve Corporation, 144 F.3d 961 (6th Cir.1998), with. Kodrick v. Ferguson, 54 F.Supp.2d 788 (N.D.Ill.1999), Smith v. Sears, Roebuck and Co., 276 F.Supp.2d 603 (N.D.Miss.2003), and Graves v. Tubb, 281 F.Supp.2d 886 (N.D.Miss.2003). This is an issue of first impression for both this Court and the Eighth Circuit. I conclude that this issue would be more appropriately considered on a factual record, rather than on this motion to dismiss. The facts of the case may well shape the proper application of vicarious liability theories. See Cole v. American Family Mutual Insurance, 333 F.Supp.2d 1038, 1046-47 (D.Kan.2004) ("[V]icarious liability cannot be properly considered in a motion to dismiss").
The FCRA specifically includes corporations in its definition of `person,' thereby allowing for potential civil liability of corporate entities. Under traditional common-law principles of agency, a corporation is liable for the torts of its employees. The language of the FCRA does not explicitly reject or accept the use of theories of vicarious liability. However, holding a corporation liable under a theory of vicarious liability, such as apparent authority, is consistent with Congress's intent for the FCRA: to protect consumers. Plaintiffs will rarely, if ever, be in a position to allege more than vicarious liability without discovery. The purposes of the statute make allowing discovery just.
Plaintiffs have plead sufficient facts to survive a motion to dismiss, and the Court will not confront this serious issue of first impression on such a limited record.
Accordingly,
*1067 IT IS HEREBY ORDERED that the defendant GC Services's motion to dismiss [#-9] is denied.